**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ignacio Wilkins CASTILLO, Defendant-
Appellant.**

**No. 29428**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1970.

Edward P. Fahey, San Antonio, Tex.
(Court-appointed) for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Reese
L. Harrison, Jr., John G. Truelson, Asst.
U. S. Attys., W. D. Tex., San Antonio,
Tex., for plaintiff-appellee.

---

\* ▪ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

▪

Before GEWIN, GOLDBERG, and
DYER, Circuit Judges.

PER CURIAM:

The defendant, Ignacio Wilkins Castillo, was found guilty by a jury of violating 21 U.S.C.A. § 174, 26 U.S.C.A. § 4705[a], and 26 U.S.C.A. § 4704[a], all relating to the unlawful possession and sale of narcotics. He now appeals from that conviction alleging the following twelve points as error:

1. The trial court refused on voir dire to inquire into whether or not any member of the jury panel had previously sat on a case involving the illegal sale of heroin.

2. The trial court allowed the government agent, a non-expert, to testify that the result of a chemical test conducted by him showed the material in question to be heroin.

3. The trial court did not allow the defendant to impeach the testimony of the government agent.

4. The trial court refused to allow the defendant to prove that certain pre-trial statements taken from an informer contained nothing about the informer lighting a cigarette.

5. The trial court allowed the government to ask the informer leading questions concerning the cigarettes.

6. The trial court allowed the government to impeach the defendant by showing that he had a 1960 conviction for the illegal sale of heroin.

7. The trial court permitted the government to impeach the defendant by showing that he had a 1955 conviction for a Dyer Act violation.

8. The trial court refused to allow the defendant to explain his 1955 conviction.

9. The trial court overruled defendant's objection to the court's charge.

10. The trial court refused to dismiss the indictment.

New York, et al., 5th Cir., 1970, 431 F.2d
409, Part I.

11. The trial court refused to instruct a verdict for defendant.

12. The trial court refused to order defendant discharged from custody.

■ We have examined each of the complaints asserted by the defendant and have found them without merit. The record conclusively shows that the defendant was afforded a fair and impartial trial and that there was sufficient evidence to sustain the conviction. Accordingly the judgment of the trial court is affirmed.

Sherwin A. Winniford, Waco, Tex. (Court appointed), for defendant-appellant; Bobby Joe Thomas, pro se.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., W.D. Tex., San Antonio, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.